## SMITH *v.* BOUNDS PACKAGE CORPORATION
[No. 5, October Term, 1954.]

*Decided December 30, 1954.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HEN-
DERSON and HAMMOND, JJ.

Submitted on brief by *V. Calvin Trice* for the appellant.

Submitted on brief by *Harrington & Thompson* and
*Hearne, Fox & Bailey* for the appellee.

BRUNE, C. J., delivered the opinion of the Court.

The appeal in this case is from a decree in equity set-
ting aside and declaring null and void a contract for the
sale of land and of a herd of cattle and of other personal
property and ordering the refund by the appellant, as
vendor under the contract, to the appellee, as purchaser
thereunder, of the net sum of $8,000, with interest from
the date of the decree. The Chancellor filed a brief, but
comprehensive, opinion in which he held that the con-

tract should be rescinded and that the parties could and should be restored to substantially their original positions. The decree recited that it was in conformity with the opinion and, as a practical matter and in substance, it carried into effect the views expressed in the opinion, although the sum directed to be paid to the appellee was described as "damages." The basis for rescission was mistake.

Bounds Package Corporation, the complainant below and appellee here, (for brevity referred to below as "Bounds") is engaged in the timber business, and in furtherance of that business entered into a loosely drawn contract with the appellant Smith for the purchase of a farm and other property, which is dated December 20, 1951, and is signed by Smith and witnessed by one Paul Brake and by W. Ray Phillips, an agent of Bounds. The document reads as follows:

"Received of Bounds Package Corporation the sum of Five Thousand Dollars ($5,000.00) as part payment on farm located at Woolford, Maryland, and the following named items:

50 Head Cattle, 1 water pump, 1 engine, 11 rolls wire, all the hay in the Josiah Linthicum barn at Church Creek, Maryland located on the east side of the Taylors Island Road.

Additional payment of Ten Thousand Dollars ($10,000) is to be paid upon removal of cattle, and the balance of ($25,000.00) to be paid January 15, 1952 upon receipt of satisfactory deed to the purchaser."

It will be noted that the contract does not undertake to describe the farm mentioned in it. Smith did own a farm at Woolfords which he acquired through a deed referred to as the Brooks deed; but he did not own about half the land which Bounds thought it was buying, and the portion which he did not own contained more than half of the timber which Bounds thought it was buying. Bounds' only interest in acquiring the tract was based upon its desire to acquire the timber.

The proposed sale was brought about through negotiations conducted by Brake. One of the disputed questions is whether or not Brake was the agent of Smith. In the view which we take of the case it is not necessary to decide this question.

The appellant had employed Brake on five previous occasions to sell land for him and had also employed him in an effort to sell the Woolfords farm some time before the negotiations with Bounds. Smith met Brake one day at a gasoline filling station and told him that he would like to sell the farm at a price of $35,000. A then very recent mishap to a truck used to haul hay for the cattle seems to have been the cause of Smith bringing the matter up at that time. Brake said he would try to find a customer and promptly got in touch with Bounds. Neither Smith nor Brake seems to have had anything approaching accurate knowledge with regard to the boundaries of Smith's farm. Brake had an aerial map of the property which he had obtained from Smith some time previously. This map showed lines which included in the Smith farm about 113 acres which it later developed were owned by one Lee Jones. Brake testified that he had gone over the lines shown on this aerial map with Smith. Smith had had some bulldozing done in conformity with the lines shown on that map, and the Chancellor found that both Smith and Brake thought the 113 acres actually belonging to Jones were covered by the Brooks deed. Brake showed what he thought was the Smith property to Phillips, Bounds' agent, as including the 113 acres belonging to Jones. The Chancellor found that surely Mr. Phillips must have thought it was included "and relied upon it, as for his purposes it was half or more of all the timber involved." There seems to be no challenge to this finding of fact, and we think it amply warranted.

Before an agreement was reached between Bounds and Smith, the latter raised his price from $35,000 to $40,000; and Bounds agreed to the increased price. Bounds was not interested in the cattle or in the farm land in the

tract. Brake offered in the course of the negotiations to buy the cattle from Bounds for $7,000 and there was testimony that he was also to get 1,000 bales of hay. He likewise offered to buy the farm for $7,000. So far as appears, the only one of these proposed transactions which was consummated was for the sale of the cattle. Bounds accepted Brake's offer because he offered a higher price than either of two appraisals of the herd which Bounds had obtained.

The Chancellor found that through rescission, "the parties may be restored almost exactly to their original positions without loss to either. The slight difference in the original positions * * * is that Mr. Smith will no longer have his cattle, but he does have the $7,000 for which they were sold and that amount is shown to have been a good price." There is no showing that the herd was unique or irreplaceable, nor was anything alse brought to our attention to indicate that his finding was erroneous. Of course, unless we deemed it clearly erroneous, we should not be warranted in overturning it; and we do not so regard it.

The Chancellor found (correctly, we think) that Smith did not intend to sell more land than he owned, and that Smith believed the 113 acres belonging to Jones were included in the Brooks deed. Clearly Bounds thought so, and Bounds was not disabused of this belief until Jones himself advised Bounds to the contrary. Before that time Bounds had made its second payment to Smith under the contract in the amount of $10,000, bringing its total payments up to $15,000, and had received $7,000 from Brake as the proceeds of sale of the cattle, which Brake had resold on the date when Smith signed the contract. After learning the facts with regard to the 113 acres, Bounds refused to make any further payment to Smith and brought this suit to cancel the contract and for the return of the amount of its payments, less the amount received for the cattle, with interest. The decree of the lower court was in accordance with the prayer of the amended bill.

The case is one of a contract entered into through mutual mistake as to an unquestionably material fact. Cancellation is an appropriate remedy, where, as here, the parties can be restored to substantially their original positions. As was said in *Gross v. Stone,* 173 Md. 653, at 665, 197 A. 137, at 142: "* * * while parol evidence is not admissible to alter or vary a written instrument expressing an agreement, it may be admitted to show that, because of a mutual mistake of the parties, their minds never met as to its subject-matter, and that consequently there never was an agreement. Where that fact is clearly shown, it is generally but not uniformly held that the instrument may be cancelled."

Likewise, in *Martz v. Jones,* 189 Md. 416, at 423-424, 56 A. 2d 30, at 33, this Court, in an opinion by Judge Grason, said: "We think, in this case, both the appellants and appellees were mistaken as to the lot that was to be conveyed, and the appellants could not have enforced the contract against the appellees, nor the appellees against the appellants, because the contract was uncertain and indefinite. The deed sought to be reformed in this case can be annulled by either party. The decree of the Chancellor must be reversed, without prejudice to either party to institute proceedings for annulment."

See also: *Pomeroy, Equity Jurisprudence* (5th Ed.), Vol. 3, Sec. 870; *Williston, Contracts,* Vol. 5, Sec. 1544; *Restatement, Contracts,* Sec. 502.

*Decree affirmed, with costs.*